```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                  :
:                08 Civ. 5874 (GEL)
-v-                                        :                03 Cr. 1001 (GEL)
:
WILLIAM VARGAS,                            :                **OPINION AND ORDER**
:
          Defendant.                       :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      William Vargas, a federal prisoner, moves pursuant to 28 U.S.C. § 2255 to vacate his sentence. Because "it plainly appears from the face of the motion . . . and the [record of] prior proceedings in the case that [Vargas] is not entitled to relief," Rule 4(a), Rules Governing Section 2255 Proceedings for the United States District Courts, no response from the Government will be required, and the petition will be summarily dismissed.

      On October 15, 2004, Vargas pleaded guilty to one count of conspiracy to distribute one kilogram or more of heroin. As Vargas was advised at the time of his plea, the charge carried a mandatory minimum sentence of ten years, and a maximum sentence of life, in prison. (10/15/04 PM Tr. 14-15.)[1] At the time of the plea, the Government provided defense counsel with a letter pursuant to United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), advising that in the prosecutor's opinion, the United States Sentencing Guidelines would call for a sentence of between 292 and 365 months of imprisonment. (10/15/04 PM Tr. 16-17.) Ultimately, however, the Probation Department concluded that the correct guideline calculation put Vargas at offense level 29 and criminal history category IV, with a resulting guideline sentencing range of 121 to 151 months. (PSR at 18.) The Court accepted this calculation as correct (8/5/05 Tr. 29), and sentenced Vargas to the statutory mandatory minimum sentence of 120 months (id. 41), departing downward by one month because Vargas's criminal history score significantly overstated the seriousness of his criminal record (id. 29).

      Vargas now moves to vacate that sentence, arguing (1) that his attorney, "Richard Palma, Esq[.,] never properly prepared [him] for this case"; (2) that the interpreters at his plea and sentence were not sworn in, "nor was a verbatim transcript of the proceedings rendered"; and (3) that defense counsel failed to seek a guideline departure based on cooperation he allegedly rendered to the Government, notwithstanding the absence of a Government motion seeking such a departure. (Pet. ¶ 12 A-C.) These arguments are entirely lacking in merit.

---

      [1] There are two transcripts dated October 15, 2004. The parties appeared in the morning, but the matter was adjourned until the afternoon, when defendant entered his guilty plea.

First, the alleged derelictions of attorney Palma are entirely irrelevant to the outcome of the case. Palma was retained by Vargas shortly after Vargas's arraignment and entered a notice of appearance on July 18, 2003. Vargas was unhappy with Palma, however, and on October 3, 2003, Vargas sought to have him replaced. Palma was relieved as counsel, and James A. Cohen, then a clinical professor at Fordham Law School, was appointed to represent him. (See Docket Entry dated 10/3/03.) Cohen represented Vargas for more than a year before his eventual plea, and continued to represent him through sentencing and on appeal. See United States v. Vargas, 204 Fed. Appx. 92, 93 (2d Cir. 2006). Vargas never expressed any discontent with Cohen's performance. To the contrary, on the day of his plea Vargas was initially reluctant to go forward with Cohen's associate, because, as the associate represented, "Professor Cohen and Mr. Vargas ha[d] developed a very close relationship" over the period of the representation. (10/15/04 AM Tr. 2.) Cohen's advocacy was instrumental in obtaining a statutory mandatory minimum sentence for Vargas, which represented a downward departure, despite the Government's initial position that Vargas should be sentenced to nearly 25 years in prison. Thus, even assuming (despite the entirely conclusory nature of Vargas's claim) that Palma's representation fell short in some respect, that failure cannot have prejudiced Vargas, as Palma was replaced early in the case and Vargas was represented at all crucial stages of the case by Cohen, the quality of whose representation Vargas has not questioned, and who never once suggested at any stage that his ability to defend Vargas's interests was compromised in any way by Palma's prior representation.

Second, Vargas's claim regarding the interpreters and court reporters is simply false. The guilty plea proceedings were translated by Nicholas Luttinger, a certified Spanish-language interpreter. The transcripts of the initial morning appearance and the actual plea proceeding reflect that Luttinger was properly sworn on both occasions. (10/15/04 AM Tr. 2-3; 10/15/04 PM Tr. 2.) The sentencing proceeding was translated by Mirta Hess. (8/5/05 Tr. 1.) Hess is a court staff interpreter who was appointed in accordance with 28 U.S.C. § 1827 (the "Court Interpreters Act"), and has taken an oath of office. That oath obviates the necessity of swearing in staff interpreters for each separate proceeding they interpret. "The use of such interpreters in district court proceedings is a routine and established practice. To the extent [Vargas's] claim can be viewed as one based on a violation of the Court Interpreters Act, rights under Section 1827 are waived unless timely raised." Villegas v. United States, No. 96 Civ. 1419, 1997 WL 35510, at *4 (S.D.N.Y. Jan. 30, 1997) (rejecting a Section 2255 claim asserting that an official court interpreter acted as an unsworn witness in violation of Federal Rules of Evidence 603 and 604). The plea as sentence proceedings were recorded verbatim by court stenographers, as the transcripts themselves evidence. Vargas does not specify anything that he claims occurred or did not occur that is inconsistent with what was translated by the interpreters or recorded by the court reporters. Nor did he raise any objection to the sufficiency of the interpreters at any time during the proceedings. There is thus no basis for any claim of error.

Third, Vargas's claim that his attorney failed to raise his cooperation is inaccurate and immaterial. At sentencing, attorney Cohen vigorously pressed the claim that Vargas had provided valuable information to the Government, and that the Court should take that cooperation into account and sentence Vargas below the guideline recommendation and indeed

2

below the statutory mandatory minimum (which counsel argued was unconstitutional). (Sentencing Letter of James A. Cohen, Esq., to the Court, dated July 25, 2005, at 2-5; 8/5/05 Tr. 31-38; see also id. 3-8 (discussing defendant's written sentencing submission).) The Court addressed the claim of cooperation, but noted that whether or not Vargas cooperated, and whether or not a below-guidelines sentence on this ground was authorized by the then-recent decision in United States v. Booker, 543 U.S. 220 (2005), were ultimately "academic" because the sentence would go below the guideline for other reasons, and because the sentence could not go below the mandatory minimum without a Government motion in any event. (8/5/05 Tr. 3-8, 14-15.) The Court specifically considered and rejected Cohen's argument on Vargas's behalf that the Court could deviate from the mandatory minimum sentence based on Vargas's alleged cooperation. (Id. 6-7.) On appeal, Vargas pressed his argument that the Court's inability to sentence below the statutory mandatory minimum violated the Constitution, and that argument was rejected. Vargas, 204 Fed. Appx. at 93-95. Thus, Vargas's claim that he could legally be sentenced below the mandatory minimum was raised at his sentence and on his appeal, and was rejected. A motion pursuant to § 2255 cannot be used to relitigate an issue that was presented and rejected at sentencing and on appeal. See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). Since Vargas received the lowest sentence available under the law, his argument that Cohen failed to raise his cooperation claim at sentencing – which in any event is factually inaccurate – could not affect his sentence.

Accordingly, the record of the case conclusively demonstrates that Vargas's claims are without merit. His petition for relief under § 2255 is therefore dismissed. As Vargas has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). Vargas may, however, seek such a certificate, or pursue any other available appellate remedies, in forma pauperis.

SO ORDERED.

Dated: New York, New York
April 21, 2009

GERARD E. LYNCH
United States District Judge

3